### ALVAH BEEBE *v.* EDWARD ROBERTS.

The mere fact that the defendant in a justice's court "forgot the time of trial," unaccompanied by any circumstances in explanation, is not "satisfactorily excusing" his default, within the meaning of § 366 of the Code, so as to warrant this court in ordering a new trial. (a)

Whether, where the defendant appears on the return of the summons and afterwards at successive adjournments, but finally fails to attend on the trial, he "fails to appear before the justice," under the true construction of § 366 of the Code? *Quere.*

Where a defendant agreed, in writing, "to pay B. and H., real estate brokers, fifty dollars commission on purchase by him of two lots, belonging to J. and R., payable on delivery of deed within thirty days;" *held,* that the contract might fairly be interpreted as admitting the fact of a purchase by the defendant and that commissions were due thereupon.

Under such circumstances, in the absence of contradictory evidence, the com-

---

(a) See *Gottsberger* v. *Harned*, 2 E. D. Smith, 128, and *Gardner* v. *Wight, post*, October term, 1854.

missions may be recovered without further proof that a purchase has been effected.

The general statement of a witness, that the deed was tendered in pursuance of the agreement between the parties, is sufficient, *primâ facie*, to sustain a finding that it was delivered within the thirty days.

On appeals from justices' courts, affidavits can only be received, 1, To show the commission of an error in fact in the proceedings, not affecting the merits, and not within the knowledge of the justice; and 2, To excuse default in failing to appear below.

THE plaintiff, in his own right and as assignee of one J. T. Hallett, sued the defendant in the Fourth District Court, to recover the commission mentioned in the following instrument.

NEW YORK, Sept. 23d, 1852.

"I agree to pay Messrs. Beebe and Hallett, real estate brokers, fifty dollars commission on purchase by me of two lots on Twenty-sixth street, 200 feet east of Fourth avenue, 50 by half block, belonging to Jones and Rowland, payable on the delivery of deed within thirty days from date.

"EDWARD ROBERTS."

On the return of the summons, the defendant appeared and admitted, in the language of the return, "the execution of the instrument, but alleged that the condition named therein had failed."

The cause was then and afterwards continued by successive adjournments, both parties appearing and consenting thereto; but on the last adjourned day, the defendant failed to attend, and the plaintiff took an inquest.

A witness testified, that he tendered to the defendant the deed in question, "in pursuance of the agreement between the parties." There was no additional testimony material to the case, except proof of Hallett's assignment to the plaintiff of his interest in the commission claimed.

Judgment having been awarded in the plaintiff's favor, the defendant produced to this court, on appeal taken by him, affidavits in addition to the return. In one of these the defendant stated that his failure to appear on the trial was caused

by forgetting the time to which the cause was last adjourned. The other affidavits contained, at some length, matter relating to the merits of the action.   The appellant contended, that his non-attendance when the cause was tried was a failure to appear before the justice, within the meaning of § 366 of the Code, notwithstanding his appearance both on the return of the summons and when the subsequent adjournments were directed by consent; that therefore, upon showing that injustice had been done, he was entitled to the favor which that section enables the appellate court to extend to those who have suffered judgment by default, in distinction from those who have appeared and defended in the court below.

It was insisted, in his behalf, that the instrument in question contemplated a purchase yet to be made, the consummation of which, with the delivery of the deed—such delivery to be made within thirty days—were unfulfilled conditions precedent to the obligation to pay the commission.   On the other hand, the construction claimed by the respondent was, that the purchase and the consequent right to the commission were admitted in the instrument itself; that the defendant had therein bound himself to pay such commission within thirty days ; and that the obligation to pay was not conditioned upon the delivery of the deed within that period.

*Joseph W. Hubbard,* for the defendant.

*Edwin R. Bogardus,* for the plaintiff.

INGRAHAM, FIRST J.—We have on several occasions expressed the opinion that the 366th section of the Code was not applicable to a case where the defendant appeared on the return of the summons, but did not appear on the adjourned day of trial. That section provides for opening a judgment by default only where the defendant failed to appear before the justice.   In this case the defendant did appear, and by successive adjournments the case was postponed.   On the last adjournment the defendant forgot to attend, and his default was taken and judgment rendered.   It can never be admitted to be a good excuse

Beebe *v.* Roberts.

that the defendant forgot to attend to a cause on the adjourned day. If so, defendants will be apt to present such an excuse very frequently, and a judgment by default will become a more uncertain remedy than a judgment upon trial. Even if the 366th section was sufficient to cover such a case, the excuse that the defendant forgot to attend court on the adjourned day is not a sufficient one.

Upon the merits, I think the evidence was sufficient. The agent was to pay $50 on delivery of the deed for certain lots purchased by the defendant. The money was payable on the delivery of the deed within thirty days from date.

I am inclined to think that the words within thirty days from date were not a part of the condition on which the money was to be payable, but are to be construed as specifying the time at which the defendant was bound to receive the deed under the contract with the sellers. Even if those words were a part of the condition, still the return does not show that the delivery was after the thirty days; but on the contrary, that the deed was tendered (in the language of the testimony as given), "in pursuance of the agreement between the parties." In the absence of any defence, I think this makes out a *primâ facie* case of compliance with the agreement.

The deed was refused, but this does not deprive the plaintiff of the right to recover. The acceptance of the deed was no part of the condition. The mere delivery was all that was required. The tender of the deed was all that was necessary, and if the defendant refused to receive it, he could not by that act defeat the plaintiff's claim.

We cannot look at an affidavit which contradicts the justice's return; the only remedy in such a case is by applying for a further return. If the return is incomplete this is the only way to correct the error. If we were to take affidavits as sufficient for such a purpose, the appeal would be decided not on the return but on the affidavits.

Affidavits can only be received in two cases, first, where an error in fact in the proceedings, not affecting the merits and not within the knowledge of the justice has been committed;

and second, where the defendant has failed to appear, and seeks by the affidavits to excuse his default. In all other cases the court can only be governed by the return.

The result of this case may operate harshly to the defendant's interest, but we must be governed by general rules in the hearing of these appeals, and although the enforcement of them may seem hard in individual cases, still the advantage of settled rules of construction firmly adhered to will be most satisfactory to suitors. The judgment should be affirmed.

WOODRUFF, J.—The contract signed by the defendant admitted the fact of a purchase by him, and that commissions were due thereupon to Beebe & Hallet, payable on the delivery of the deed, within thirty days. This is the fair interpretation of the language of the instrument.

The witness Weeks testifies that he tendered the deed to the defendant. He does not say, in terms, that he made the tender within thirty days, but that he did so in pursuance of the agreement between the parties. No other parties had been named but the defendant and Beebe & Hallet, and no agreement had been spoken of except the agreement read in evidence. We cannot say that the justice erred in finding that this evidence fairly imported that the tender was made in compliance with the condition upon which the fifty dollars were to be payable.

There is some reason to believe, upon the facts stated in the defendant's affidavit, that injustice has been done. But, aside from the question whether this court have power, under § 366 of the Code, to order a new trial, where the defendant does, in fact, " appear before the justice," put in his answer, and attend on several successive days, and consent to adjournments, and finally fails to attend on the trial, in regard to which question a decision is not necessary; we do not think the mere fact that the defendant " forgot the time of trial," unaccompanied with any circumstances explanatory of or excusing his forgetfulness, ought to be regarded as " satisfactorily excusing his default," within the meaning of the legislature. It seems to us

that such an indulgence would be open to so much abuse that it ought not to be allowed as a precedent. The judgment must, I think, be affirmed.

DALY, J., concurred in affirming the judgment.

Judgment affirmed.